IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JASMINE STEELE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:15-cv-0818 |
| | ) | Senior Judge Haynes |
| v. | ) | |
| | ) | |
| CHARLES EDWARDS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

Before the Court is Defendant Charles Edwards's motion to set aside entry of default. (Docket Entry No. 40), asserting, in sum: (1) that Defendant's counsel moved as expediently as possible to set aside the entry of default against Defendant Edwards; (2) that there is not any prejudice to Plaintiff given the amount of time between entry of default and Defendant's motion to set aside default and filing his answer; and (3) that a trial on the merits is the favored method to award a judgment. In response (Docket Entry No. 41), Plaintiff argues, in essence: (1) that she had to file two motions for default before Defendant filed any response; (2) that responding to Defendant Edwards's untimely filings prejudiced Plaintiff's ability to pursue her claims against the other Defendants; (3) that Defendant does not assert a meritorious defense; and (4) that Defendant is culpable for the conduct resulting in his default.

On August 12, 2015, copies of Plaintiff's complaint and summons were served upon Defendant Edwards and a return of service was filed with the Court on August 14, 2015. (Docket Entry No. 14). According to Plaintiff, on September 23, 2015, Plaintiff's counsel agreed to provide Defendant's counsel ten days to enter a notice of appearance and answer before Plaintiff moved for entry of default against Defendant Edwards. On October 12, 2015, after Defendant's counsel failed

to enter a notice of appearance or file an answer to Plaintiff's complaint, Plaintiff filed a motion for entry of default. (Docket Entry No. 29). On October 14, 2015, Defendant Edwards's counsel filed a notice of appearance. (Docket Entry No. 30). On October 21, 2015, Defendant Edwards filed a motion for extension of time to file answer (Docket Entry No. 31) that was granted, giving Defendant Edwards until November 13, 2015, to respond to the complaint. (Docket Entry No. 32). Defendant Edwards did not file a response, and on November 24, 2015, Plaintiff filed a second motion for entry of default (Docket Entry No. 37). On November 25, 2015, the Clerk of Court entered default against Defendant Edwards. (Docket Entry No. 38). On November 25, 2015, after the entry of default, Defendant Edwards filed his answer (Docket Entry No. 39) and his motion to set aside entry of default.

Federal Rule of Civil Procedure 55(c) states that "[t]he court may set aside an entry of default for good cause[.]" "Rule 55(c) leaves to the discretion of the trial judge the decision whether to set aside an entry of default," Shepard Claims Serv., Inc. v. William Darrah & Associates, 796 F.2d 190, 193 (6th Cir. 1986), and "'the district court enjoys considerable latitude under the "good cause shown" standard' of Rule 55(c) to grant a defendant relief from a default entry." United States v. Real Prop., All Furnishings Known as Bridwell's Grocery, 195 F.3d 819, 820 (6th Cir. 1999) (citation omitted).

The general preference is for judgments to be based upon the merits. Dassault Systemes, SA v. Childress, 663 F.3d 832, 841 (6th Cir. 2011); United Coin Meter Co. v. Seaboard Coastline R.R., 705 F.2d 839, 846 (6th Cir. 1983) ("Trials on the merits are favored in federal courts[.]"); Shepard, 796 F.2d at 193 (noting "a strong preference for trials on the merits in federal courts"). In deciding a motion under Rule 55(c), courts apply the following three factors: (1) whether the plaintiff will be

2

prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant led to the default. United Coin, 705 F.2d at 845.

Defendant asserts that he did not retain counsel until mid-October and that because of Defendant's absence from Tennessee while attempting to find employment in Georgia and Florida and Defendant's counsel's inquiries to determine if any counsel for the other Defendants would also be representing Defendant Edwards, Defendant Edwards was late in filing his answer to the complaint. Defendant filed his answer and motion to set aside the entry of default on the same day that default was entered.

Plaintiff asserts prejudice by Defendant's "dilatory tactics" as Plaintiff's complaint includes a number of John Doe Defendants that she is attempting to identify through discovery processes before the statute of limitations expires. Plaintiff also cited the necessity of two motions for entry of default before Defendant Edwards filed a response. Yet, "[m]ere delay in satisfying a plaintiff's claim, if it should succeed at trial, is not sufficient prejudice to require denial of a motion to set aside [an entry of] default." United Coin, 705 F.2d at 845. To be prejudicial such delay must result in tangible harm such as "the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." Amernational Indus., Inc. v. Action-Tungsram, Inc., 925 F.2d 970, 977 (6th Cir. 1991) (citations and internal quotation marks omitted); Thompson v. Am. Home Assur. Co., 95 F.3d 429, 433-34 (6th Cir. 1996). "Additionally, the relevant inquiry concerns the future prejudice that will result from reopening the judgment, not prejudice that has already resulted from the defendant's conduct." Dassault, 663 F.3d at 842. Here, Plaintiff cannot show any actual prejudice as Plaintiff's assertion of prejudice is speculative.

For a meritorious defense, a defendant "must state 'a defense good at law' which is sufficient if it contains 'even a hint of a suggestion which, if proven at trial, would constitute a complete defense.'" Thompson, 95 F.3d at 434 (citation omitted); Majic Window v. Milgard Windows, No. 2:06-CV-12600-DT, 2006 WL 2645005 at *2 (E.D. Mich. Sept. 14, 2006). Defendant denies any wrongdoing and asserts several defenses in his answer. Accordingly, the Court concludes that at this juncture, the second factor weighs in favor of Defendant.

As to the third factor, Plaintiff argues that Defendant is culpable for the conduct resulting in his default as Defendant chose not to communicate with his counsel during the period of time he was provided to answer Plaintiff's complaint. Yet, "'in the context of Rule 55(c), mere negligence or failure to act reasonably is not enough to sustain a default.'" Burnside v. Walters, No. 09-2727-JDT-tmp, 2015 WL 46265 at *1 (W.D. Tenn. Jan. 2, 2015) (quoting United States v. $22,050.00 U.S. Currency, 595 F.3d 318, 327 (6th Cir. 2010)). "[I]t is not necessary that conduct be excusable to qualify for relief under the 'good cause' standard of Rule 55(c)." Shepard, 796 F.2d at 194. "To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." Id.

Here, notwithstanding the default, Defendant Edwards filed his answer and motion to set aside entry of default within a reasonable time. Marbly v. Dep't of Treasury, 22 F. App'x 371, 373 (6th Cir. 2001) ("[W]hile defendant was in default, defendant filed its answer, then took prompt measures to rectify its failure to answer in time."); Dassault, 663 F.3d at 841 ("[The defendant] filed his motion to set aside entry of default judgment within a reasonable time after the district court entered the order. This also weighs against the district court's finding that [the defendant] was intentionally disrespectful of the court proceedings.").

"It has been found that a district court abuses its discretion in denying a motion to set aside an entry of default when two of the three factors have been demonstrated by the defendant: the defendant had a meritorious defense and no prejudice would result to the plaintiff if the matter were to go forward." O.J. Distrib., Inc. v. Hornell Brewing Co., Inc., 340 F.3d 345, 353 (6th Cir. 2003) (citing Shepard, 796 F.2d at 193-94).

Accordingly, for these reasons, Defendant Charles Edwards's motion to set aside entry of default (Docket Entry No. 40) should be granted.

An appropriate Order is filed herewith.

**ENTERED** this the _11_ day of January, 2016.

WILLIAM J. HAYNES, JR.
Senior United States District Judge