IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| JASMINE STEELE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:15-cv-00818 |
| | ) | JUDGE CREWNSHAW |
| CHARLES EDWARDS, et al., | ) | JUDGE BROWN |
| | ) | JURY DEMAND |
| Defendants. | ) | |

## MOTION TO ASCERTAIN STATUS AS TO
## MOTION TO DISMISS ON BEHALF OF DEFENDANT BETH ASHE

Defendant Beth Ashe, pursuant to Fed. R. Civ. P. 7 and Local Rule 7.01(c), hereby respectfully files this Motion to Ascertain the Status of her prior Motion to Dismiss, said Motion filed March 31, 2016. (Docket Entry 53). As grounds for dismissal, Defendant Ashe asserted that 42 U.S.C. § 1983 provides no basis for liability under a theory of *respondeat superior* absent any allegation of personal complicity, and that in this case, Plaintiff's only allegation is that Defendant Ashe is Director of the Tennessee Corrections Institute ("TCI"), an agency that per statute has no authority to regulate or enforce regulations; there are no allegations of any degree of personal involvement.

It should be noted that in another recent similar case before the Middle District of Tennessee, *Lyle v. George*, Docket No. 1:15-cv-0063, counsel for Plaintiff here attempted to sue Defendant Ashe based on identical grounds: that under § 1983 she could be held legally responsible for the alleged actions of county jail officials, based solely on her role as director of the TCI. That argument was soundly rejected as unsupported by well settled law. (*See Lyle v. George*, USDC TN (MD), Docket No. 1:15-cv-0063, Docket Entry 57 and 66, also attached hereto

respectively as exhibits A and B). In recommending dismissal of that case, involving the same Plaintiff's counsel and same Defendant, Magistrate Judge Holmes noted:

> Given that Defendant Ashe was not an employee of Maury County who had any actual role in the administration of the Jail, Plaintiff's reliance on *Taylor v. Michigan Dep't of Corrections*, 69 F.3d 76 (6th Cir. 1995), and *Hill v. Marshall*, 962 F.2d 1209 (6th Cir. 1992), is misplaced and is not persuasive. In each of these cases, the defendant who unsuccessfully sought dismissal had a personal role in actions that directly led to the violations at issue. There is nothing contained in the Complaint showing that Defendant Ashe "implicitly authorized, approved, or knowingly acquiesced" in the alleged unconstitutional conduct at the Jail, *see Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), and Plaintiff's attempt to link Defendant Ashe to the events that occurred at the Jail involving Plaintiff is simply too tenuous to support a claim for relief against her under either Section 1983 or state law.

*Lyle v. George*, USDC TN (MD), Docket No. 1:15-cv-0063, DE 57, attached hereto as Ex. A.

The same well-settled law should be applied here. In addition, as a prior set trial date of April 25, 2017 (Docket Entry 60) is approaching, as well as a joint conference set for January 9, 2017 (Docket Entry 68), it is in the interest of judicial economy to rule on Defendant Ashe's motion in order to terminate a Defendant who was sued without legal grounds.

WHEREFORE, premises considered, Defendants Ashe moves to ascertain the status of her prior Motion to Dismiss (Docket Entry 53).

Respectfully submitted,

HERBERT H. SLATERY III
Attorney General and Reporter

/S/ Eric A. Fuller
ERIC A. FULLER, BPR 029934
Assistant Attorney General
Civil Rights and Claims Division
P.O. Box 20207
Nashville, Tennessee 37202-0207
615-532-2500

## CERTIFICATE OF SERVICE

       I hereby certify that on December 13, 2016, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

       /S/ Eric A. Fuller
       ERIC A. FULLER
       Assistant Attorney General