UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| JASMINE STEELE, | ) |  |
|---|---|---|
| Steele, | ) |  |
|  | ) |  |
| v. | ) | NO. 3:15-cv-00818 |
|  | ) | JUDGE CRENSHAW |
| CHARLES EDWARDS et al., | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## MEMORANDUM AND ORDER

Jasmine Steele filed this civil action alleging sexual harassment during her incarceration at the Tennessee Prison for Women, sexual assault by guard Charles Edwards, and retaliation by the Montgomery County Jail staff upon reporting the alleged assault. (Doc. No. 47.) Before the Court are Beth Ashe's Motion to Dismiss (Doc. No. 53) and Motion to Ascertain Status as to Motion to Dismiss (Doc. No. 70.) For the reasons below, Ashe's Motion to Dismiss (Doc. No. 53) is **GRANTED** and Ashe's Motion to Ascertain Status as to Motion to Dismiss (Doc. No. 70) is **DENIED AS MOOT**.

I. ALLEGATIONS

Ashe is the Executive Director of the Tennessee Corrections Institute ("TCI"). (Doc. No. 47 at 5.) Steele is suing Ashe "both in her individual capacity for her role in causing Steele's harms and in her official capacity because at the time relevant to this [action], Ashe was responsible for ensuring the Clarksville Jail met TCI's standards." (Id. at 5.) Steele alleges Ashe was "derelict in her duty" of ensuring the Clarksville Jail complied with TCI standards, resulting in Steele's suffering repeated sexual assaults and harassment as well as retaliation for reporting the sexual abuse. (Id. at 17.) Steele also claims that Ashe "acted under the color of state law." (Id. at 5.) Other

1

than Paragraphs 11 and 74 of the First Amended Complaint, Steele makes no other allegations about Ashe's duties, roles or involvement in the TCI or the alleged harassment incidents. (Id. at 5 and 17.)

## II. STANDARD OF REVIEW

A motion to dismiss is reviewed under the standard that the Court must accept as true all of the allegations contained in the complaint, resolve all doubts in Steele's favor, and draw all reasonable inferences in favor of Steele. In re Travel Agent Com'n Antitrust Litig., 583 F.3d 896, 903 (6th Cir.2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. Fritz v. Charter Township of Comstock, 592 F.3d 718, 722 (6th Cir. 2010).

## III. ANALYSIS

Ashe argues that Steele's only allegation is that Ashe is Director of the TCI, an agency that per statute has no authority to regulate or enforce regulations; there are no allegations of any degree of personal involvement. Steele counters without citation to any allegations in the First Amended Complaint, that "Ashe was personally responsible for ensuring the Jail's policies protected inmates such as Plaintiff through policies such as Providing information 'to inmates about sexual

abuse/assault including: (a) Prevention/intervention; (b) Self-protection; (c) Reporting sexual abuse/assault; and, (d) Treatment and counseling. This information shall be communicated in writing or electronically, in a language clearly understood by the inmate, upon arrival at the facility'. . ." and that "Ashe's failure to perform her designated duties and ensure the Clarksville Jail was protecting inmates such as Plaintiff from sexual abuse or unnecessary uses of force perpetuated Plaintiff's harms, and thus Plaintiff has sued her, as she may, for damages." (Doc. No. 56 at 5-6.) The Court acknowledges Steele's arguments based upon Tennessee regulations, but did not find any allegations anywhere in the First Amended Complaint to support these arguments.

  i.  Claim Against Ashe in her Individual Capacity

Steele is suing Ashe "both in her individual capacity . . . and in her official capacity." (Doc. No. 47 at 5.) "[P]ersonal-capacity § 1983 suits seek to impose individual liability upon a government officer for actions taken under color of state law." Hafer v. Melo, 502 U.S. 21, 25 (1991). Here, Steele did not allege in the First Amended Complaint (Doc. No. 47) any degree of personal involvement or actions by Ashe that caused harm to Steele in her individual capacity. Since the Twombly standard requires plaintiffs to plead sufficient factual matter to state a claim for relief that is plausible on its face, the Court cannot allow a claim where Steele has plead no facts regarding Ashe's alleged dereliction in her duties. (Doc. No. 47 at 17.) A single statement describing Ashe's official position does not constitute sufficient facts, nor do the legal conclusions that Ashe was "derelict in her duty" and "acted under color of state law." (Id. at 5.) As such, Steele's claim failed to provide sufficient factual allegations to state a claim for relief that is plausible against Ashe as an individual.

ii. Claim Against Ashe in her Official Capacity

Steele also seeks relief against Ashe in her official capacity. The Supreme Court has held that "official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." Hafer, 502 U.S. at 25.

Though Steele clarifies in her Response to Ashe's Motion to Dismiss that she seeks only injunctive and declarative relief against Ashe in her official capacity (Doc. No. 56), Steele does not specify in the First Amended Complaint whether she seeks damages or injunctive relief against Ashe in her official capacity (Doc. No. 47.) Again, current pleading standards require some degree of specificity so that the parties can understand what specifically is asked of them. Iqbal, 556 U.S. at 677.

The First Amended Complaint (Doc. No. 47) alleges no facts that Steele has a basis for seeking injunctive relief because of a threat of future injury at the hands of Ashe. See City of Los Angeles v. Lyons, 461 U.S. 95, 102-09 (1983); Blakely v. United States, 276 F.3d 853, 873-74 (6th Cir. 2002); Williams v. Ellington, 936 F.2d 881, 889 (6th Cir. 1991). Past exposure to alleged illegal conduct "does not in itself show a present case or controversy regarding injunctive relief." O'Shea v. Littleton, 414 U.S. 488, 495 (1974). Simply put, nowhere in the First Amended Complaint (Doc. No. 47) does Steele allege state conduct or threat of future injury where Ashe is the sole representative of the state institution. If Steele wishes to maintain an action against the entity of which Ashe is an agent, she may do so through the other agents Steele has listed as co-defendants. (Doc. No. 47.) Ashe's participation in this suit is not necessary to maintain an action against the Clarksville Jail. (Id. at 5-7.)

IV.     CONCLUSION

For the foregoing reasons, Ashe's Motion to Dismiss (Doc. No. 53) is **GRANTED** and Ashe's Motion to Ascertain Status as to Motion to Dismiss (Doc. No. 70) is **DENIED AS MOOT**. Steele's claims against Defendant Beth Ashe is **DISMISSED WITH PREJUDICE**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR
UNITED STATES DISTRICT JUDGE